UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>CHRISTOPER LEE HATCHER,<br><br>    Defendant. | Case No. 1:25-cr-00181-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court is Defendant Christopher Lee Hatcher's Notice of Appeal (Motion to Revoke Detention Order) (Dkt. 23). The Court heard oral argument on September 17, 2025. For the reasons discussed below, the Court grants Hatcher's motion.

## I. BACKGROUND

On May 17, 2025, law enforcement conducted a traffic stop of a vehicle in which Hatcher was the driver and sole occupant. After a drug-detection dog alerted to the vehicle, officers discovered 2.9 pounds of methamphetamine and 2.37 ounces of psilocybin (psychedelic) mushrooms. During a post-*Miranda* interview, Hatcher admitted that he was traveling from California to Idaho to distribute the methamphetamine to an individual in Boise, who he refused to identify, and that the distribution was for "the cartel" (Dkt. 28 at 4).

Initially, Hatcher was charged in Idaho state court where he failed to post bond and remained in custody until he was indicted in federal court (*id*.). On June 10, 2025, Hatcher was

**MEMORANDUM DECISION AND ORDER - 1**

charged with one count of possession with intent to distribute methamphetamine under 21 U.S.C. § 841(a)(1). The Government moved to detain Hatcher.

Following a detention hearing, the Magistrate Court granted the Government's motion. The Magistrate Court concluded that no condition or combination of conditions would reasonably assure Hatcher's appearance for court proceedings (Dkt. 19 at 15-16). In support, the Magistrate Court concluded that "the weight of the evidence against [Hatcher] is strong" and that the "combination of strong evidence and a lengthy sentence presents an elevated risk of non-appearance" (*id.*). Hatcher moves this Court to revoke the detention order, and the Government opposes the motion. (Dkts. 23, 24, 28).

## II.  LEGAL STANDARD

The district court reviews a magistrate court's detention order de novo. *United States v. Koenig*, 912 F.2d 1190, 1192-93 (9th Cir. 1990). In this context, de novo means that the court reviews the evidence before the magistrate court and makes its own independent determination whether the magistrate court's findings are correct with no deference. *Id.* at 1193. The court may also consider new evidence offered by the parties. *Id.* The rules of evidence do not apply in pretrial detention proceedings, Fed. R. Evid. 1101(d)(3), and evidence offered as hearsay or by proffer is properly considered. *United States v. Winsor*, 785 F.2d 755, 756 (9th Cir. 1986).

## III.  ANALYSIS

The Bail Reform Act governs a defendant's detention pending trial. 18 U.S.C. § 3142. The Act mandates a defendant's release unless the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any

other person and the community." 18 U.S.C. § 3142(e). If there is probable cause, as in this case, to believe the defendant has committed an offense "with a maximum term of imprisonment of ten years or more" under the Controlled Substance Act, 21 U.S.C. §§ 801–971, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(2)(A), (f)(1)(C).

If the defendant proffers evidence to rebut the presumption, then the court considers four factors in determining whether the pretrial detention standard is met including: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger that the defendant's release poses to another person or the community. 18 U.S.C. § 3142(g). The court must resolve "doubts regarding the propriety of release" in the defendant's favor. *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir. 1985).

The Government must prove that a person presents a danger to the community by clear and convincing evidence or presents a risk of flight by a preponderance of evidence. *Id.* at 1406. Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains on the Government. *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The presumption is not erased when a defendant proffers evidence to rebut it; rather, the presumption remains in the case as an evidentiary finding militating against release to be weighed along with the other factors in § 3142(g). *Hir*, 517 F.3d at 1086.

**MEMORANDUM DECISION AND ORDER - 3**

Here, Hatcher proffers that he has a bed available at Rising Sun Sober Living, which provides a safe and sober living environment; if he is released, he will be assessed for and undergo outpatient treatment for substance abuse at Intermountain Health; and he has family support in both Idaho and California. This proffer rebuts the presumption of detention. Considering the § 3142(g) factors, the Court concludes the Government has not shown by clear and convincing evidence that Hatcher presents a danger to the community. Further, it concludes that although Hatcher poses a risk of fleeing, there are release conditions which will reasonably assure his appearance for court proceedings.

1.      **Nature and Circumstances of Offense**

The nature and circumstances of the offense under § 841(a)(1) are serious. A grand jury has indicted Hatcher for possessing 500 grams or more of methamphetamine with intent to distribute (Dkt. 2). If convicted of this offense, a statutory minimum term of imprisonment of ten years generally applies. 21 U.S.C. § 841(b)(1)(A); *see also United States v. Townsend*, 897 F.2d 989, 995 (9th Cir. 1990) ("Consideration of the nature of the offenses charged involves consideration of the penalties."). Presently, whether Hatcher can avoid this mandatory minimum is unknown. Regardless, Hatcher is aware of the possible length of his incarceration if he were convicted. During a jailhouse telephone call, which was recorded after he was indicted, Hatcher was discussing his possible sentence and stated, "F***, I won't last that long" (Dkt. 28). As this statement reflects, the term of imprisonment relative to Hatcher's advanced age creates an incentive for him to abscond, regardless of guilt or innocence. The Court concludes this factor weighs against releasing Hatcher.

2.  **Nature and Seriousness of Danger to Community**

Although Hatcher has a lengthy criminal history, he is 67 years old; had a disabling stroke in 2012; recently had knee replacement surgery; and does not have a history of violent crimes.[1] Also, there is no indication he possessed a firearm or other dangerous weapon in connection with the instant offense or his prior drug trafficking convictions. Other than his drug trafficking history, Hatcher's criminal history does not suggest that he poses a danger to the community. Further, since his arrest in May 2025, Hatcher's ability to continue trafficking drugs appears to have been somewhat diminished by his disclosure to law enforcement of some identifying information about his California supplier. This cooperation makes it unlikely he can and will return to that supplier. Nevertheless, the Court considers this factor as neutral, meaning it neither weighs for or against releasing Hatcher.

3.  **Weight of the Evidence**

At the hearing, Hatcher's counsel conceded that the weight of the evidence is strong. The "weight of the evidence" in the context of a detention hearing has a particularized meaning. As the Ninth Circuit has explained:

> [W]e cannot and do not anticipate what a jury would find or what defenses might be offered or what evidence might be excluded as hearsay or for other defects. We only determine that, as presented to the district court, the government's evidence

---

[1] Hatcher does have a prior arrest for corporal injury to a spouse or cohabitant and a misdemeanor conviction for domestic violence (Dkt. 28-2 at 5). Both the arrest and the conviction, however, occurred in 2000 and are over twenty-five years old (*id.*).

**MEMORANDUM DECISION AND ORDER - 5**

>was enough to put the defendants on notice [that they would be] subject to a trial in which they could reasonably believe they might be convicted.

*Townsend*, 897 F.2d at 995. Based on this language and the Government's evidence, Hatcher's counsel conceded during the hearing that Hatcher is on notice he is subject to a trial in which he could reasonably believe he might be convicted.

The parties, however, dispute the importance of the weight of the evidence. The Ninth Circuit in *United States v. Honeyman*, 470 F.2d 473, 474-75 (9th Cir. 1972), originally articulated that the weight of the evidence should be given "the least weight." Then, in *Motamedi*, 767 F.2d at 1408 ), the Court stated that "the weight of the evidence is the least important of the various factors" under § 3142(g). Thereafter, the Ninth Circuit has consistently stated that the weight of the evidence is the least important factor, as Hatcher notes (*see* Dkt. 24 at 21 (citing *Townsend*, 897 F.2d at 994); *see also* Dkt. 19 at 11-12 (citing cases)).

The Government's position, however, is that this approach is "not correct based on a full accounting of the law"; it "appears to be citation error with improper framing"; it has "no backing (either in precedent, philosophy, code, or legislative history)"; the "Ninth Circuit caselaw seized on [this] isolated phrase without considering nuance"; the "error has wormed its way through caselaw"; and "no other circuit has adopted this rule." (Dkt. 28 at 11-12; *see also* Dkt. 19 at 8-16 (providing "survey of the Ninth Circuit's treatment of the 'least weight'/'least important' admonition" in support of detention order)).

This Court, however, declines to conclude that the Ninth Circuit's repeated statements that the weight of the evidence is "the least important factor" is a "nonbinding legal standard" and "not

**MEMORANDUM DECISION AND ORDER - 6**

precedent in the Ninth Circuit," as the Government urged during the hearing. This Court is bound by the Ninth Circuit's rulings regardless of their evolution or intellectual underpinnings. *See Dixon v. United States,* 548 U.S. 1, 4 (2006) (noting trial court bound by circuit precedent). The Court cannot reject the rulings. Instead, it considers the weight of the evidence in this case as explained in *Townsend*, namely, to determine whether the Government's evidence has put Hatcher on notice that he is subject to a trial in which he could reasonably believe he might be convicted. *See Townsend*, 897 F.2d at 995 (explaining factor). Hatcher admits he is on notice of this fact. Accordingly, the weight of the evidence weighs against releasing Hatcher.

### 4. Hatcher's History and Characteristics

Nevertheless, the Court concludes that on balance and considering all the § 3142(g) factors, there are conditions of release which will ensure Hatcher's appearance despite that his offense is serious and that the weight of the evidence against him is strong. Hatcher's history and characteristics support this conclusion.

Although Hatcher appears to have a long history of substance abuse, he has a definite release plan to address his addiction. He proffers that he has a bed at Rising Sun Sober Living, a sober living environment which imposes strict house rules, including total abstinence from drugs and alcohol, random drug and alcohol testing, random searches, and a curfew, among other rules (Dkt. 28-3). Hatcher proffers his son has agreed to pay his first month's residential fee; he has adequate social security income to pay the residential fees going forward; and if he complies with the housing rules, he may reside in the facility indefinitely. Further, Hatcher proffers he will

participate in outpatient treatment for his substance abuse;[2] he anticipates receiving that treatment at Intermountain Health; and he will undergo an assessment by Intermountain Health as soon as he is released to determine the level of care for which he qualifies.

In addition to a definite release plan, Hatcher has family support and ties to the community. He has resided in the Boise area for about two years, although his lease lapsed because of the instant offense. Additionally, Hatcher has a nephew and stepdaughter in the area who are supportive of him. For example, Hatcher's nephew employed him before the instant offense. Hatcher also has family in California with whom he maintains close contact, including his son who is supportive of Hatcher receiving substance abuse treatment and abiding by the law.

While Hatcher's history of drug trafficking is very concerning, he is now elderly and disabled. Although that condition did not prevent him from allegedly committing the instant offense, the Court finds it unlikely Hatcher will return to California to resume drug trafficking because he has disclosed information about his supplier and because he will be restricted from leaving the jurisdiction and subject to location monitoring.

Finally, information in the Pretrial Services Report indicates Hatcher has a poor record of appearing for court proceedings (Dkt. 28-2). Specifically, the Government points to a charge in

---

[2] The Magistrate Court noted that inpatient treatment would be preferable to outpatient treatment. According to Hatcher's counsel, however, Hatcher had only thirty days following his initial arrest to obtain Medicaid coverage for inpatient substance abuse treatment and that period had expired before he was indicted and transferred into federal custody. As a result, Hatcher does not have coverage for inpatient treatment, although Medicaid will cover his outpatient treatment.

**MEMORANDUM DECISION AND ORDER - 8**

April 2013 for eight counts of failure to appear and a related June 2013 conviction for contempt for disobeying court orders (*id.* at 6-7). During the hearing, however, Hatcher's counsel explained that these entries on the report relate to orders for past due child support during a time when Hatcher was recovering from his stroke and representing himself pro se. This explanation indicates Hatcher's failure to appear was isolated to his child support issues and not conduct indicating an attempt to avoid the consequences of any alleged criminal conduct.

Whether to release Hatcher is a close question, as reflected by the Magistrate Court's careful and thorough written opinion. However, considering all the §3142(g) factors—including additional information which the parties presented to this Court, and which was not available to the Magistrate Court—and resolving any doubts regarding the propriety of Hatcher's release in his favor, the Court concludes there are conditions which will assure his appearance at future court proceedings. *Motamedi*, 767 F.2d at 1405 (requiring court to resolve "doubts regarding the propriety of release" in the defendant's favor). Accordingly, the Court grants Hatcher's motion to revoke the detention order.

## IV.   ORDER

**IT IS ORDERED that:**

1. Defendant Christopher Lee Hatcher's Notice of Appeal (Motion to Revoke Detention Order) (Dkt. 23) is **GRANTED**.

2. Based on the foregoing, Hatcher is released subject to the terms and conditions of release set forth in the Pretrial Services Report (Dkt. 28-2).

3. Further, Hatcher shall be subject to the following additional mandatory terms and conditions:

   a. Hatcher must reside at Rising Sun Sober Living and shall not be released unless and until he has paid his first month's residential fee in full and has a confirmed bed;

   b. Hatcher must immediately notify his probation officer if he is excluded from the Rising Sun Sober Living for any reason or any length of time;

   c. As soon as possible after his release, Hatcher shall undergo an assessment for substance abuse treatment and shall comply with all recommendations for such treatment;

   d. Hatcher shall be subject to continuous location monitoring; and

   e. Hatcher shall not leave the District of Idaho.

DATED: September 22, 2025

Amanda K. Brailsford
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 10**